ROBBINS GELLER RUDMAN
  & DOWD LLP
X. JAY ALVAREZ (134781)
DOUGLAS R. BRITTON (188769)
JEREMY W. DANIELS (351347)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
jaya@rgrdlaw.com
dougb@rgrdlaw.com
jdaniels@rgrdlaw.com

Lead Counsel for Lead Plaintiffs

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| In re XPONENTIAL FITNESS SECURITIES LITIGATION | Case No. 8:24-cv-00285-JWH (KESx) |
| | CLASS ACTION |
| | MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF LEAD PLAINTIFFS' MOTION TO SUPPLEMENT THE CONSOLIDATED COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS |
| | DATE:     February 14, 2025<br>TIME:      9:00 a.m.<br>CTRM:     9D<br>JUDGE:    Hon. John W. Holcomb |

4924-1477-5297.v1

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION.................................................................................................5

II.  RELEVANT PROCEDURAL HISTORY.......................................................6

III. LEGAL STANDARD ........................................................................................8

IV.  THE RELEVANT FACTORS FAVOR PERMITTING PLAINTIFFS
     TO SUPPLEMENT THE COMPLAINT.........................................................9

     A.   No Undue Delay.......................................................................................9

     B.   No Bad Faith or Dilatory Motive..........................................................10

     C.   No Repeated Failures.............................................................................10

     D.   No Prejudice to Defendants ..................................................................10

     E.   The Proposed Supplement Is Not Futile ...............................................11

V.   SUPPLEMENTAL COMPLAINT PARAGRAPHS...................................12

VI.  CONCLUSION ................................................................................................16

4924-1477-5297.v1

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Agua Caliente Band of Cahuilla Indians v. Coachella Valley Water Dist.*,
2020 WL 5775174 (C.D. Cal. July 8, 2020) ........................................................ 9

*Bowles v. Reade*,
198 F.3d 752 (9th Cir. 1999) ............................................................................... 9

*Eminence Cap., LLC v. Aspeon, Inc.*,
316 F.3d 1048 (9th Cir. 2003) ........................................................................ 8, 9

*Foman v. Davis*,
371 U.S. 178 (1962) ............................................................................................. 8

*GMAC Mortg., LLC v. Nev. Ass'n Servs.*,
2018 WL 487101 (D. Nev. Jan. 5, 2018) ........................................................... 11

*Gulcynski v. Fid. Nat'l Title Grp.*,
2007 WL 1231635 (S.D. Cal. Apr. 26, 2007) .................................................... 11

*Johnson v. Serenity Transp., Inc.*,
2015 WL 4913266 (N.D. Cal. Aug. 17, 2015) .......................................... 9, 10, 11

*Lyon v. U.S. Immigr. & Customs Enf't*,
308 F.R.D. 203 (N.D. Cal. 2015) ..................................................................... 8, 9

*Netbula, LLC v. Distinct Corp.*,
212 F.R.D. 534 (N.D. Cal. 2003) ....................................................................... 11

*Organic Pastures Dairy Co., LLC v. Sebelius*,
2013 WL 1966464 (E.D. Cal. May 10, 2013) .................................................... 11

*Owens v. Kaiser Found. Health Plan, Inc.*,
244 F.3d 708 (9th Cir. 2001) ............................................................................... 9

*Quiksilver, Inc. v. Kymsta Corp.*,
2007 WL 9712162 (C.D. Cal. Aug. 20, 2007) ..................................................... 8

4924-1477-5297.v1

# TABLE OF AUTHORITIES

**Page**

*Ratcliff v. Faulkner*,
  2024 WL 4696159 (D. Nev. Nov. 6, 2024)......................................................11

*Scheller v. Nutanix, Inc.*,
  2021 WL 3616771 (N.D. Cal. Aug. 16, 2021)................................................8, 9

*Singh v. Truong*,
  2017 WL 10562545 (C.D. Cal. June 15, 2017)..................................................9

*Yates v. Auto City 76*,
  299 F.R.D. 611 (N.D. Cal. 2013) .....................................................................10

**STATUTES, RULES, AND REGULATIONS**

15 U.S.C.
  §78u-4.............................................................................................................9, 10
  §78u-4(b)(3)(B) ...............................................................................................11

Federal Rules of Civil Procedure
  Rule 9(b) ...........................................................................................................10
  Rule 15(a) ...........................................................................................................8
  Rule 15(a)(2)........................................................................................................8
  Rule 15(d) .......................................................................................................5, 8

- 4 -

4924-1477-5297.v1

Lead Plaintiffs Fort Lauderdale Police & Firefighters' Retirement System and City of West Palm Beach Police Pension Fund (collectively, "Plaintiffs") respectfully move for leave to supplement their Consolidated Complaint for Violations of the Federal Securities Laws (ECF 39) (the "Complaint") pursuant to Federal Rule of Civil Procedure 15(d).

## I.     INTRODUCTION

Plaintiffs bring this motion to supplement their Complaint to reflect a recent development that is relevant to the Complaint and to Defendants' pending Motion to Dismiss (ECF 67), which Defendants filed on October 8, 2024.[1]  In the Motion to Dismiss, Defendants ask the Court to disregard Plaintiffs' allegations on the grounds that they are purportedly based on unreliable sources.  But on November 4, 2024 – just one month after filing their Motion to Dismiss – the Commissioner of Financial Protection and Innovation of the State of California (the "State of California") published a Consent Order involving Xponential and each of its ten brands (the "Consent Order") ordering Xponential to pay a fine in connection with what the State of California determined to be ten "material misrepresentations and omissions" in connection with the sale of Xponential's franchises, company wide.  The Consent Order details some of the exact same misconduct alleged by Plaintiffs in the Complaint, thereby corroborating Plaintiffs' claims and undermining the reliability arguments Defendants raise in their Motion to Dismiss.

Rule 15(d) contemplates precisely this scenario, allowing parties "to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d).  Plaintiffs

---

[1]  "Defendants" refers to: (i) Xponential Fitness, Inc. ("Xponential" or the "Company"), John Meloun, Mark Grabowski ("Grabowski"), Brenda Morris, Chelsea Grayson (collectively, the "Xponential Defendants"); (ii) Anthony Geisler ("Geisler"); and (iii) BofA Securities, Inc., Jefferies LLC, Morgan Stanley & Co. LLC, Guggenheim Securities, LLC, Piper Sandler & Co., Robert W. Baird & Co. Incorporated, Raymond James & Associates, Inc., Roth Capital Partners, LLC, and R. Seelaus & Co., LLC (collectively, the "Underwriter Defendants").

- 5 -

4924-1477-5297.v1

seek to supplement the Complaint now – four months after its original filing – to avoid the inefficiency of having to amend the Complaint and re-brief another motion to dismiss and suffer the resulting delays that would accompany an amendment. As explained below, each relevant factor favors granting leave to supplement the Complaint. And Defendants cannot credibly dispute any of the five factors.

Accordingly, Plaintiffs respectfully request that the Court grant leave to supplement the Complaint and permit Plaintiffs to file the Supplemented Consolidated Complaint for Violations of the Federal Securities Laws ("Supplemented Complaint") (Ex. 1).[2]

## II.    RELEVANT PROCEDURAL HISTORY

On July 26, 2024, Plaintiffs filed the Complaint. The Complaint alleges a six-artifice scheme to take Xponential public and then inflate its stock price so defendants Xponential, Geisler, and Grabowski could unload their shares on unsuspecting investors. ¶¶54-129.[3]  Through this scheme – Artifice Nos. 2-5 (¶¶57-126) – Defendants induced prospective franchisees into purchasing franchise licenses using false franchise disclosure documents ("FDDs"), which contained lies about franchise profitability and omitted Geisler's long history of fraud and deception. ¶¶57-102. The scheme caused widespread franchisee losses, which Defendants concealed using threats, intimidation, and the legal process to prevent studios from closing. ¶¶103-126. The Complaint alleges that the truth about the scheme, and undisclosed risks materialized, in four separate disclosures between June 27, 2023 and May 10, 2024. ¶¶130-143.

---

[2]    All exhibits referenced herein are attached to the Declaration of Douglas R. Britton in Support of Lead Plaintiffs' Motion to Supplement the Consolidated Complaint for Violations of the Federal Securities Laws ("Britton Decl."), filed concurrently herewith. Ex. 2 is a redlined version of the Complaint so that the parties and the Court can readily assess how Plaintiffs intend to supplement the Complaint. The Supplemented Complaint does not add or change parties, claims, or allegations except to insert references to the Consent Order in different sections of the Complaint.

[3]    Unless otherwise noted, all "¶__" or "¶¶__" references are to the Complaint, emphasis is added, and citations are omitted.

4924-1477-5297.v1

On October 8, 2024, the Xponential Defendants filed the Motion to Dismiss. ECF 67. Both the Underwriter Defendants and defendant Geisler filed joinders to the Motion to Dismiss. ECF 68, 71. Throughout the Motion to Dismiss, Defendants ask the Court to disregard the Complaint's allegations on the grounds that they are unreliable. ECF 67.

On November 4, 2024, Xponential entered into the Consent Order, which was based on ten "misrepresentations and omissions, in violation of Corporations Code sections 31200 and 31201," including the following:

(1)  Understating aspects of the estimated initial investment and costs provided in Item 7 of the FDDs;

(2)  Making financial performance representations to prospective franchisees that were not disclosed in Item 19 of the FDDs;

                    *        *        *

(4)  Failing to disclose, in item 2 of the FDDs, the directors, principal officers, and individuals who had management responsibilities relating to the sale or operation of the franchises, including but not limited to Anthony Geisler . . . ;

(5)  Failing to disclose litigations involving all persons who should have been identified in item 2 of the FDDs;

                    *        *        *

(7)  Failing to correctly disclose the numbers of opened, closed and abandoned franchises;

(8)  Misrepresentations about the expected length of time to open and operate a studio after signing the franchise agreement; [and]

                    *        *        *

(10)  . . . fail[ing] to disclose Anna Kaiser as a public figure in the AKT Franchise, LLC FDDs, fail[ing] to disclose Anna Kaiser's lawsuit and fail[ing] to disclose that Anna Kaiser was no longer providing content

- 7 -

for franchisee classes and was instead beginning to operate her own studio brand.

Ex. 3 at 4-5.  The misrepresentations and omissions enumerated above nearly duplicate Plaintiffs' allegations in this case.

On December 2, 2024, Plaintiffs informed Defendants of their intention to supplement the Complaint to include the Consent Order.  Britton Decl., ¶2.  The parties met and conferred via telephone on November 3, 2024.  Defendants stated that they intend to oppose Plaintiffs' motion to supplement the Complaint.  *Id.*

## III.   LEGAL STANDARD

Under Rule 15(d), the Court may "'permit a party to [file] a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading [sought] to be supplemented.'"  *Scheller v. Nutanix, Inc.*, 2021 WL 3616771, at *1 (N.D. Cal. Aug. 16, 2021).  The purpose of Rule 15(d) is "to promote as complete an adjudication of the dispute between the parties as is possible."  *Quiksilver, Inc. v. Kymsta Corp.*, 2007 WL 9712162, at *1 (C.D. Cal. Aug. 20, 2007).

When exercising its discretion to permit a supplement under Rule 15(d), a court applies the same legal standard "'as for amending one under Rule 15(a).'"  *Scheller*, 2021 WL 3616771, at *1.  Rule 15(a)(2) instructs courts to "freely give leave" to amend a complaint "when justice so requires."  Fed. R. Civ. P. 15(a)(2).  "[T]his mandate is to be heeded" to allow a plaintiff the "opportunity to test his claim on the merits."  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a ***presumption*** under Rule 15(a) in favor of granting leave to amend."  *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (emphasis in original).  The same is true for a motion to supplement.  *Lyon v. U.S. Immigr. & Customs Enf't*, 308 F.R.D. 203, 214 (N.D. Cal. 2015) ("Absent prejudice or a 'strong showing' of any other *Foman* factor, there is a presumption in favor of granting leave to supplement.").  The Ninth Circuit

- 8 -

4924-1477-5297.v1

has "stated that 'this policy is to be applied with extreme liberality.'" *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001).  "Adherence to these principles is especially important in the context of the PSLRA." *Eminence*, 316 F.3d at 1052.

## IV.    THE RELEVANT FACTORS FAVOR PERMITTING PLAINTIFFS TO SUPPLEMENT THE COMPLAINT

To assess whether leave to supplement is appropriate, "courts generally consider five factors: '(1) undue delay, (2) bad faith or dilatory motive on the part of the movant, (3) repeated failure of previous amendments, (4) undue prejudice to the opposing party, and (5) futility of the amendment.'" *Scheller*, 2021 WL 3616771, at *1 (quoting *Lyon*, 308 F.R.D. at 214).

Each of these factors favors granting Plaintiffs' motion to supplement. Defendants can point to no "substantial reason" to justify denying the request.

### A.    No Undue Delay

"The relevant inquiry for undue delay is 'whether the moving party knew of the facts and legal bases for the amendments at the time the operative pleading was filed.'" *Agua Caliente Band of Cahuilla Indians v. Coachella Valley Water Dist.*, 2020 WL 5775174, at *5 (C.D. Cal. July 8, 2020) (quoting *Johnson v. Serenity Transp., Inc.*, 2015 WL 4913266, at *5 (N.D. Cal. Aug. 17, 2015)).  The mere "passage of time is not, in and of itself, undue delay." *Johnson*, 2015 WL 4913266, at *5.  And "[u]ndue delay by itself . . . is insufficient to justify denying a motion to amend." *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999).

Here, Defendants cannot dispute that this motion is timely.  Plaintiffs are filing it just four weeks after the Consent Order issued and only four months after they filed the Complaint.  Plaintiffs cannot be untimely where the event was "'not in existence when the original complaint was filed.'" *Singh v. Truong*, 2017 WL 10562545, at *2 (C.D. Cal. June 15, 2017).  And since a deadline for amending the pleadings has not been set in this case yet, this factor favors granting the motion to supplement.

- 9 -

4924-1477-5297.v1

### B.     No Bad Faith or Dilatory Motive

Defendants cannot dispute that Plaintiffs are not bringing this motion in bad faith or for a dilatory motive.  The need to supplement the Complaint arises from subsequent, post-Complaint events.  And supplementation is necessary to address the challenges Defendants raise in their Motion to Dismiss concerning the heightened pleading requirements under Federal Rule of Civil Procedure 9(b) and the Private Securities Litigation Reform Act of 1995 ("PSLRA").  Since the supplement will not prejudice Defendants, there is no bad faith or dilatory motive here.  *Johnson*, 2015 WL 4913266, at \*4 ("For example, courts have denied leave to amend due to bad faith where the plaintiff's motion was brought 'to avoid the possibility of an adverse summary judgment ruling' and would prejudice defendant by requiring re-opening of discovery, or where the plaintiff's motive was to destroy diversity and, therefore, the court's jurisdiction.").  This factor favors granting the motion to supplement.

### C.     No Repeated Failures

Defendants cannot dispute that Plaintiffs have not repeatedly failed to amend or supplement their pleading.  This is the first requested supplement.  This factor favors granting the motion to supplement.

### D.     No Prejudice to Defendants

Courts typically evaluate prejudice in terms of whether relevant deadlines need to be continued as a result of the new pleading.  *Yates v. Auto City 76*, 299 F.R.D. 611, 614 (N.D. Cal. 2013) ("But usually, a court evaluates prejudice in terms of, *e.g.*, whether discovery cut-offs have passed, how close trial is, and so forth."); *Johnson*, 2015 WL 4913266, at \*5 (collecting cases) ("Ninth Circuit case law indicates that a defendant may establish prejudice by demonstrating that a motion to amend was made after the cutoff date for such motions, or when discovery had closed or was about to close.").

- 10 -

Here, Defendants cannot dispute that they will not suffer prejudice from the supplement. Discovery has not even begun yet because the parties are currently subject to the PSLRA's mandatory stay of discovery during the pendency of Defendants' Motion to Dismiss. *See* 15 U.S.C. §78u-4(b)(3)(B). Any claimed "prejudice [is thus] doubtful" since the case is still in the pleading stage. *Johnson*, 2015 WL 4913266, at *5; *see also Organic Pastures Dairy Co., LLC v. Sebelius*, 2013 WL 1966464, at *3 (E.D. Cal. May 10, 2013) (finding neither prejudice nor delay where plaintiff filed a motion to amend when the "matter has not yet gone beyond the pleading stage"); *Gulcynski v. Fid. Nat'l Title Grp.*, 2007 WL 1231635, at *5 (S.D. Cal. Apr. 26, 2007) (same). The supplement adds new and significant corroborating facts and does not change or add legal theories. There is thus no undue prejudice to Defendants, especially considering that the supplement will not reopen discovery or hinder Defendants' ability to prepare for trial, in any way. This factor favors granting the motion to supplement.

### E.    The Proposed Supplement Is Not Futile

Supplementation is futile "only if no set of facts can be proved under the [supplement] that would constitute a valid claim or defense." *Ratcliff v. Faulkner*, 2024 WL 4696159, at *4 (D. Nev. Nov. 6, 2024). But "[d]eferring ruling on the sufficiency of the allegations is preferred in light of the more liberal standards applicable to motions to amend and the fact that the parties' arguments are better developed through a motion to dismiss or a motion for summary judgment." *GMAC Mortg., LLC v. Nev. Ass'n Servs.*, 2018 WL 487101, at *2 (D. Nev. Jan. 5, 2018). "Denial of leave to amend on [futility] ground[s] is rare." *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003).

Defendants cannot credibly claim that the supplement is futile. The Consent Order corroborates the Complaint's allegations and refutes the reliability arguments Defendants raise in their Motion to Dismiss. This is especially true here considering

- 11 -

that Xponential and its brands were ordered to pay a fine of $450,000 and numerous employees were subjected to compliance training to resolve the very same allegations in the Complaint, including that Defendants used false FDDs *in every brand* and misrepresented studio closures, to name a few.  Ex. 1, ¶143A.  These are the exact same allegations that underpin Artifice Nos. 2-5 of Defendants' scheme.  ¶¶57-126.  Since the supplement provides corroborating facts that support valid claims of Defendants' violations of the federal securities laws, this factor favors granting the motion to supplement.

## V.    SUPPLEMENTAL COMPLAINT PARAGRAPHS

Plaintiffs' requested supplement is straightforward.  As discussed herein, Plaintiffs merely seek to incorporate the Consent Order's language into each relevant section of the Complaint.  Plaintiffs also use a paragraph numbering convention to avoid altering the original paragraphs in the Complaint.  In this way, neither party will have to reassess the Complaint citations in their memoranda in support of, or opposition to, the Motion to Dismiss.

As reflected in Ex. 1, Plaintiffs' proposed supplement adds the following allegations to the Complaint.  In the section titled "Defendants 'Denounce' the Fuzzy Panda Report as the Truth Is Revealed," Plaintiffs have inserted after ¶143 (pgs. 63:20-65:2) the following language:

143A.  On November 4, 2024, the Commissioner of Financial Protection and Innovation published a Consent Order with Xponential (and each of its ten brands) before the Department of Financial Protection and Innovation of the State of California (the "Consent Order").  Pursuant to the Consent Order, Xponential was ordered to pay a fine of $450,000.00, desist and refrain from any continued violations of Corporations Code sections 31110, 31200, and 31201, and subject numerous employees to California franchise law compliance education

- 12 -

courses.  The Consent Order stated, *inter alia*, that Xponential "filed multiple registration applications with the Commissioner and offered and sold franchises that the Commissioner found to have included material misrepresentations and omissions, in violation of Corporation Code sections 31200 and 31201."  The Consent Order explained that "[t]he[se] material misrepresentations and omissions include, but are not limited to:

(1) Understating aspects of the estimated initial investment and costs provided in Item 7 of the FDDs;

(2) Making financial performance representations to prospective franchisees that were not disclosed in Item 19 of the FDDs;

*         *         *

(4) Failing to disclose, in item 2 of the FDDs, the directors, principal officers, and individuals who had management responsibilities relating to the sale or operation of the franchises, including but not limited to Anthony Geisler . . .;

(5) Failing to disclose litigations involving all persons who should have been identified in item 2 of the FDDs;

*         *         *

(7) Failing to correctly disclose the numbers of opened, closed and abandoned franchises;

(8) Misrepresentations about the expected length of time to open and operate a studio after signing the franchise agreement;

*         *         *

(10) In addition, AKT Franchise, LLC and their representatives promoted Anna Kaiser as the face of the AKT brand and a public figure and touted her connections to celebrities.  However, they failed to disclose Anna Kaiser as a public figure in the AKT Franchise, LLC FDDs, failed to disclose Anna Kaiser's lawsuit

- 13 -

4924-1477-5297.v1

and failed to disclose that Anna Kaiser was no longer providing content for franchisee classes and was instead beginning to operate her own studio brand.

143B. The allegations in ¶143A corroborate the allegations in ¶¶53-129, 131-134, and 136-143.

As reflected in Ex. 1, Plaintiffs' proposed supplement further adds the following allegations to the Complaint. In the section titled, "Defendants Issue Statements About Xponential's AUV Metric, License Sales, and Studio Openings While Concealing Numerous Risks Created by Their Scheme," Plaintiffs have inserted the following language after ¶191 (pg. 91:1-4):

191A. As alleged in ¶143A, the allegations in ¶¶186-191 are further corroborated by the findings articulated in the Consent Order published by the Commissioner of Financial Protection and Innovation before the Department of Financial Protection and Innovation of the State of California.

As reflected in Ex. 1, Plaintiffs' proposed supplement further adds the following allegations to the Complaint. In the section titled "Defendants' Misled Investors with False Claims that Xponential Had Not Experienced Any Studio Closures and Had Not Defaulted on a Single SBA Loan," Plaintiffs have inserted the following language after ¶214 (pg. 102:12-15):

214A. As alleged in ¶143A, the allegations in ¶¶204-214 are further corroborated by the findings articulated in the Consent Order published by the Commissioner of Financial Protection and Innovation before the Department of Financial Protection and Innovation of the State of California.

As reflected in Ex. 1, Plaintiffs' proposed supplement further adds the following allegations to the Complaint. In the section titled "Defendants Continue to

4924-1477-5297.v1

Mislead Investors Through Statements in Response to the Fuzzy Panda Report," Plaintiffs have inserted the following language after ¶221 (pg. 104:23-26):

> 221A.  As alleged in ¶143A, the allegations in ¶¶215-216, 218, and 220-221 are further corroborated by the findings articulated in the Consent Order published by the Commissioner of Financial Protection and Innovation before the Department of Financial Protection and Innovation of the State of California.

As reflected in Ex. 1, Plaintiffs' proposed supplement further adds the following allegations to the Complaint.  In the section titled "Additional Scienter Allegations," Plaintiffs have inserted the following language after ¶241 (pg. 116:8-11):

> 241A.  As alleged in ¶143A, the allegations in ¶¶222-241 are further corroborated by the findings articulated in the Consent Order published by the Commissioner of Financial Protection and Innovation before the Department of Financial Protection and Innovation of the State of California.

As reflected in Ex. 1, Plaintiffs' proposed supplement further adds the following allegations to the Complaint.  In the section titled "Loss Causation," Plaintiffs have inserted the following language after ¶249 (pg. 119:13-16):

> 249A.  As alleged in ¶143A, the allegations in ¶¶246-249 are further corroborated by the findings articulated in the Consent Order published by the Commissioner of Financial Protection and Innovation before the Department of Financial Protection and Innovation of the State of California.

As reflected in Ex. 1, Plaintiffs' proposed supplement further adds the following allegations to the Complaint.  In the section titled "Materially False and Misleading Statements and Omissions in Offering Documents," Plaintiffs have inserted the following language after ¶287 (pg. 129:6-9):

- 15 -

4924-1477-5297.v1

287A. As alleged in ¶143A, the allegations in ¶287 are further corroborated by the findings articulated in the Consent Order published by the Commissioner of Financial Protection and Innovation before the Department of Financial Protection and Innovation of the State of California.

## VI. CONCLUSION

For all the foregoing reasons, Plaintiffs respectfully request that the Court grant their motion to supplement the Complaint and allow Plaintiffs to file the Supplemented Complaint (Ex. 1).

DATED: December 6, 2024

Respectfully submitted,

ROBBINS GELLER RUDMAN
 & DOWD LLP
X. JAY ALVAREZ
DOUGLAS R. BRITTON
JEREMY W. DANIELS

s/ Douglas R. Britton
DOUGLAS R. BRITTON

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
jaya@rgrdlaw.com
dougb@rgrdlaw.com
idaniels@rgrdlaw.com

Lead Counsel for Lead Plaintiffs

KLAUSNER, KAUFMAN, JENSEN
 & LEVINSON
ROBERT D. KLAUSNER
BONNI S. JENSEN
7080 NW 4th Street
Plantation, FL 33317
Telephone: 954/916-1202
954/916-1232 (fax)
bob@robertdklausner.com
bonni@robertdklausner.com

Additional Counsel

- 16 -

4924-1477-5297.v1

## L.R. 11-6.2 Certificate of Compliance

The undersigned, counsel of record for Plaintiffs, certifies that this brief contains 3,306 words, which complies with the word limit of L.R. 11-6.1, and contains less than 25 pages, which complies with §11(b) of Your Honor's Standing Order.

DATED:  December 6. 2024          s/ Douglas R. Britton
                                        DOUGLAS R. BRITTON