# EXHIBIT 3

Exhibit 3
Page 300

CLOTHILDE V. HEWLETT
Commissioner
MARY ANN SMITH
Deputy Commissioner
AMY J. WINN
Assistant Chief Counsel
AFSANEH EGHBALDARI (State Bar No. 252107)
Senior Counsel
Department of Financial Protection and Innovation
1455 Frazee Road
San Diego, California 92108
Telephone: (619) 946-3312
Facsimile: (916) 928-7929


Attorneys for Complainant


BEFORE THE DEPARTMENT OF FINANCIAL PROTECTION AND INNOVATION

OF THE STATE OF CALIFORNIA

In the Matter of:                                              )
                                                               )
THE COMMISSIONER OF FINANCIAL        )    CONSENT ORDER
PROTECTION AND INNOVATION,            )
                                                               )
             Complainant,                                )
                                                               )
        v.                                                    )
                                                               )
XPONENTIAL FITNESS, INC.;                        )
XPONENTIAL FITNESS, LLC; XPOF          )
ASSETCO, LLC; XPONENTIAL                   )
INTERMEDIATE HOLDINGS, LLC; AKT     )
FRANCHISE, LLC; AKT FRANCHISE SPV,  )
LLC; BFT FRANCHISE HOLDINGS, LLC; BFT )
FRANCHISE SPV, LLC; CLUB PILATES        )
FRANCHISE, LLC; CLUB PILATES               )
FRANCHISE SPV, LLC; CYCLEBAR             )
FRANCHISING, LLC; CYCLEBAR                 )
FRANCHISING SPV, LLC; LINDORA            )
FRANCHISE, LLC; PB FRANCHISING, LLC,   )
also known as PURE BARRE FRANCHISING, LLC;)
PB FRANCHISE, LLC; PB FRANCHISING SPV,)
LLC; ROW HOUSE FRANCHISE, LLC; ROW   )
HOUSE FRANCHISE SPV, LLC; RUMBLE      )
FRANCHISE, LLC; RUMBLE FRANCHISE SPV,  )

-1-

State of California - Department of Financial Protection and Innovation

LLC; STRETCH LAB FRANCHISE, LLC; STRETCH LAB FRANCHISE SPV, LLC; STRIDE FRANCHISE, LLC; STRIDE FRANCHISE SPV, LLC; YOGA SIX FRANCHISE, LLC; and YOGA SIX FRANCHISE SPV, LLC,

        Respondents.

)
)
)
)
)
)
)
)
)

This Consent Order is entered into between the Complainant, the Commissioner of Financial Protection and Innovation (Commissioner) as head of the Department of Financial Protection and Innovation (Department), and the Respondents, Xponential Fitness, Inc.; Xponential Fitness, LLC; XPOF Assetco, LLC; Xponential Intermediate Holdings, LLC; AKT Franchise, LLC; AKT Franchise SPV, LLC; BFT Franchise Holdings, LLC; BFT Franchise SPV, LLC; Club Pilates Franchise, LLC; Club Pilates Franchise SPV, LLC; CycleBar Franchising, LLC; CycleBar Franchising SPV, LLC; Lindora Franchise, LLC; PB Franchising, LLC, also known as Pure Barre Franchising, LLC; PB Franchise, LLC; PB Franchising SPV, LLC; Row House Franchise, LLC; Row House Franchise SPV, LLC; Rumble Franchise, LLC; Rumble Franchise SPV, LLC; Stretch Lab Franchise, LLC; Stretch Lab Franchise SPV, LLC; Stride Franchise, LLC; Stride Franchise SPV, LLC; Yoga Six Franchise, LLC; and Yoga Six Franchise SPV, LLC (collectively, Respondents), and is made with respect to the following:

## I.

## Recitals

A.      The Commissioner is authorized to administer and enforce the provisions of the Franchise Investment Law (Corp. Code § 31000 *et seq.*) (FIL) and the rules and regulations promulgated thereunder which control the registration, offer, and sale of franchises in California.

B.      Xponential Fitness, Inc. (XFI), a Delaware corporation, is a publicly traded company listed on the New York Stock Exchange.

C.      Xponential Fitness, LLC (XPO), a Delaware limited liability company, is an intermediate holding company, solely owned and controlled by XFI through the intermediate holding company, Xponential Intermediate Holdings, LLC (Holdings), a Delaware limited liability company. ///

-2-

State of California - Department of Financial Protection and Innovation

D.      XPOF Assetco, LLC (Assetco), a Delaware limited liability company, is an intermediate holding company, solely owned and controlled by XPO.

E.      AKT Franchise, LLC; BFT Franchise Holdings, LLC; Club Pilates Franchise, LLC; CycleBar Franchising, LLC; PB Franchising, LLC, also known as Pure Barre Franchising, LLC, and PB Franchise, LLC; Row House Franchise, LLC; Rumble Franchise, LLC; Stretch Lab Franchise, LLC; Stride Franchise, LLC; and Yoga Six Franchise, LLC (collectively, Prior Franchisors) previously served as franchisors of their respective franchise programs, but as of March 2023, the Prior Franchisors no longer offered franchises of their respective franchise programs. At that time, AKT Franchise SPV, LLC, BFT Franchise SPV, LLC, Club Pilates Franchise SPV, LLC, CycleBar Franchising SPV, LLC, PB Franchising SPV, LLC, Row House Franchise SPV, LLC, Rumble Franchise SPV, LLC, Stretch Lab Franchise SPV, LLC, Stride Franchise SPV, LLC, and Yoga Six Franchise SPV, LLC (collectively, the Special Purpose Vehicle Franchisors) became the new franchisors of their respective franchise program. As of December 31, 2023, Prior Franchisors assigned all their then-effective franchise agreements and area development agreements to the Special Purpose Vehicle Franchisors.

F.      On or about January 2, 2024, XPO acquired the entire ownership interest in Lindora Franchise, LLC, which is the franchisor of the Lindora® wellness franchise program.

G.      XFI, XPO, Holdings and Assetco are the direct and indirect parents of, and exercise control over, and own interests in several franchisors, including, but not limited to the Prior Franchisors, Special Purpose Vehicle Franchisors, and Lindora Franchise, LLC (collectively, Brand Franchisors).

H.      Brand Franchisors are Delaware limited liability companies.

I.      Respondents' principal place of business is located at 17877 Von Karman Avenue, Suite 100, Irvine, California 92614.

J.      Sarah Luna is the President of the Respondents and is authorized to enter into this Consent Order on behalf of the Respondents.

K.      The Commissioner brings this action pursuant to the provisions of the FIL, and the rules and regulations promulgated thereunder.

-3-

State of California - Department of Financial Protection and Innovation

L.     To offer or sell a franchise in California, franchisors must register the franchise by filing an application that includes a Franchise Disclosure Document (FDD) with the Department for review and approval, in accordance with Corporations Code sections 31111 and 31114.

M.     In addition, the FIL requires franchisors to disclose certain material information that is intended to provide prospective franchisees with facts upon which to make an informed decision to purchase a franchise, as stated in Corporations Code section 31001.

N.     Pursuant to Corporations Code section 31201, it is unlawful for any person to offer or sell a franchise in this state by means of any written or oral communication not enumerated in section 31200, which includes an untrue statement of a material fact or omits to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading.

O.     Pursuant to Corporations Code section 31200, it is unlawful for any person willfully to make any untrue statement of a material fact in any application, notice or report filed with the Commissioner under the FIL, or willfully to omit to state in any such application, notice, or report any material fact which is required to be stated therein or to fail to notify the Commissioner of any material change as required by Section 31123.

P.     Brand Franchisors have filed multiple registration applications with the Commissioner and offered and sold franchises that the Commissioner found to have included material misrepresentations and omissions, in violation of Corporation Code sections 31200 and 31201, which findings have not been adjudicated.

Q.     The material misrepresentations and omissions include, but are not limited to:

(1)     Understating aspects of the estimated initial investment and costs provided in Item 7 of the FDDs;

(2)     Making financial performance representations to prospective franchisees that were not disclosed in Item 19 of the FDDs;

(3)     Failing to fully disclose the extent to which franchisees would compete with XPO, undercutting franchisees' profit. Consumers were allowed to directly buy from XPO an XPASS, a membership subscription at a much lower and

-4-

CONSENT ORDER

Exhibit 3
Page 304

State of California - Department of Financial Protection and Innovation

discounted price, allowing the XPASS members to have the same access to the franchisees' studios and classes as the franchisees' own members;

(4)    Failing to disclose, in item 2 of the FDDs, the directors, principal officers, and individuals who had management responsibilities relating to the sale or operation of the franchises, including but not limited to Anthony Geisler, Lance Freeman, and Ryan Junk;

(5)    Failing to disclose litigations involving all persons who should have been identified in item 2 of the FDDs;

(6)    Failing to disclose all franchise sellers;

(7)    Failing to correctly disclose the numbers of opened, closed and abandoned franchises;

(8)    Misrepresentations about the expected length of time to open and operate a studio after signing the franchise agreement;

(9)    Failing to disclose that franchisees were required to use designated sources for goods and services that may charge higher prices than unapproved sources in connection with the development of franchised studios;

(10)    In addition, AKT Franchise, LLC and their representatives promoted Anna Kaiser as the face of the AKT brand and a public figure and touted her connections to celebrities. However, they failed to disclose Anna Kaiser as a public figure in the AKT Franchise, LLC FDDs, failed to disclose Anna Kaiser's lawsuit and failed to disclose that Anna Kaiser was no longer providing content for franchisee classes and was instead beginning to operate her own studio brand.

R.    Pursuant to Corporations Code section 31110, it is unlawful for any person to offer or sell any franchise in this state unless the offer of the franchise has been registered under this part or exempted under Chapter 1 (commencing with Section 31100) of this part.

S.    Club Pilates Franchise SPV, LLC currently has a pending franchise registration application with the Commissioner. However, Club Pilates Franchise SPV, LLC offered or sold franchises, but failed to follow the electronic submission process, causing the paper submissions of the

-5-

exemption notices not to be filed timely.

T.    Based on the above, the Commissioner is of the opinion that the Respondents have violated Corporations Code sections 31200, 31201 and 31110.

U.    Respondents admit to the jurisdiction of the Commissioner in this matter and for the purposes of using and enforcing this Consent Order.

V.    Respondents desire to enter into this Consent Order which the Commissioner finds is appropriate, in the public interest, and consistent with the policies and purposes fairly intended by the FIL.

W.    Respondents neither admit nor deny any of the findings contained in this Consent Order but agree to enter into this Consent Order to resolve this matter without the necessity of hearing or litigation.

NOW, THEREFORE, in consideration of the foregoing, and the terms and conditions set forth herein, the Parties agree as follows:

## II.

### Terms

1.    Purpose. This Consent Order resolves the issues before the Commissioner set forth in paragraphs A – W above, in a manner that avoids the expense of a hearing and other possible court proceedings, protects consumers and franchisees, is in the public interest, and is consistent with the purposes and provisions of the FIL.

2.    Desist and Refrain Order. Pursuant to Corporations Code sections 31402 and 31406, Respondents are hereby ordered to desist and refrain from violations of Corporations Code sections 31110, 31200, and 31201. The issuance of this Desist and Refrain Order is necessary, in the public interest, for the protection of investors and is consistent with the purposes, policies, and provisions of the FIL. This Desist and Refrain Order is final and effective from the effective date of this Consent Order, as defined in paragraph 25 (Effective Date).

3.    Administrative Penalty. Pursuant to Corporations Code section 31406, Respondents, jointly and severally, are hereby ordered to pay an administrative penalty in the total amount of $450,000.00, no later than 15 days after the Effective Date of this Consent Order. The penalty must be

-6-

State of California - Department of Financial Protection and Innovation

State of California - Department of Financial Protection and Innovation

made payable in the form of a cashier's check or Automated Clearing House deposit to the Department of Financial Protection and Innovation and transmitted to the attention of Accounting – Litigation, at the Department of Financial Protection and Innovation, 2101 Arena Boulevard, Sacramento, California 95834. Notice of the payment shall be concurrently sent to Affi Eghbaldari, by e-mail at: affi.eghbaldari@dfpi.ca.gov.

4.    Education. The following classes of persons are hereby ordered to attend California franchise law compliance education: (1) all principal officers, directors, trustees, and any other individual who will have management responsibility relating to the sale or operation of the Respondents and/or their respective affiliates, successors, and assigns; (2) all persons who assist in preparing Respondents' franchise materials, including, but not limited to, registrations, renewals, or amendments (including outside lawyers and representatives but excluding any auditors); (3) any person selling Respondents' franchise; and (4) the person who certifies the accuracy of the Respondents' Franchise Disclosure Documents filed with the Commissioner. Each of these persons shall complete 4 hours of in-person or virtual training (which may include recorded virtual training sessions) offered by a franchise law specialist or attorney (Instructor), specializing in the area of FIL compliance, including, but not limited to the offering and selling of franchises, and preparing the franchise disclosure document (Training). The Instructor and general format of this Training must be approved by the Commissioner. Respondents shall file proof of compliance, in the form of a sworn statement of each person required to take education, under penalty of perjury, within 120 days from the Effective Date of this Consent Order. Proof of compliance shall be sent to the Department of Financial Protection and Innovation, attention of Affi Eghbaldari, Senior Counsel, at: affi.eghbaldari@dfpi.ca.gov.

5.    Disclosure of Consent Order. Respondents shall disclose this Consent Order in each of their applications and Franchise Disclosure Documents submitted after this Consent Order is effective.

6.    Non-Dischargeable. Respondents further agree that the penalties described in this Consent Order are non-dischargeable under United States Code, title 11, section 523(a)(7), which provides an exception from discharge for any debt to the extent such debt is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit.

-7-

CONSENT ORDER

Exhibit 3
Page 307

State of California - Department of Financial Protection and Innovation

7. Waiver of Hearing Rights. Respondents acknowledge the Commissioner is ready, willing, and able to proceed with the filing of an administrative enforcement action on the charges contained in this Consent Order. Respondents hereby waive the right to any hearings and to any reconsideration, appeal, or other right to review which may be afforded pursuant to the FIL, the California Administrative Procedure Act, the California Code of Civil Procedure, or any other provision of law. Respondents further expressly waive any requirement for the filing of any pleading pursuant to Government Code section 11415.60, subdivision (b). By waiving such rights, Respondents effectively consent to the Consent Order becoming final.

8. Full and Final Settlement. The parties hereby acknowledge and agree that this Consent Order is intended to constitute a full, final, and complete resolution of the violations described herein, and that no further proceedings or actions will be brought by the Commissioner in connection with these matters, excepting therefrom any proceeding to enforce compliance with the terms of this Consent Order, including paragraph 10, below.

9. Failure to Comply with Consent Order. Respondents agree that if they fail to comply with the terms of this Consent Order, the Commissioner may, in addition to all other available remedies it may invoke under the FIL, summarily issue a stop order denying the effectiveness of or suspending or revoking the effectiveness of any of Respondents' franchise registrations until Respondents gain compliance. In addition, the Commissioner may file a civil action in the Superior Court of California to recover the portion of the unpaid penalties amount. Respondents waive any notice and hearing rights to contest such summary suspensions or revocation which may be afforded under the FIL, the California Administrative Procedure Act, the California Code of Civil Procedure, or any other provision of law in connection therewith.

10. Information Willfully Withheld or Misrepresented. Notwithstanding paragraph 15 below, this Consent Order may be revoked, and the Commissioner may pursue any and all remedies available under law against Respondents if the Commissioner discovers that Respondents knowingly or willfully withheld or misrepresented material information.

11. Future Actions by Commissioner. If Respondents fail to comply with any terms of the Consent Order, the Commissioner may institute proceedings for any and all violations otherwise

-8-

State of California - Department of Financial Protection and Innovation

resolved under this Consent Order. The Commissioner reserves the right to bring any future actions against the Respondents, or any of their partners, owners, officers, shareholders, directors, employees or successors for any and all unknown violations of the FIL.

12. Assisting Other Agencies. Nothing in this Consent Order limits the Commissioner's ability to assist a government agency (whether city, county, state, federal, or otherwise) or self-regulatory organization with any administrative, civil, or criminal action brought by that agency or organization based upon any of the activities alleged in this matter or otherwise.

13. Headings. The headings to the paragraphs of this Consent Order are inserted for convenience only and will not be deemed a part hereof or affect the construction or interpretation of the provisions hereof.

14. Binding. This Consent Order is binding on all heirs, assigns, and/or successors in interest.

15. Reliance. Each of the parties represents, warrants, and agrees that in executing this Consent Order it has relied solely on the statements set forth herein and the advice of its own counsel, if represented. Each of the parties further represents, warrants, and agrees that in executing this Consent Order it has placed no reliance on any statement, representation or promise of any other party, or any other person or entity not expressly set forth herein, or upon the failure of any party or any other person or entity to make any statement, representation or disclosure of anything whatsoever. The parties have included this clause: (1) to preclude any claim that any party was in any way fraudulently induced to execute this Consent Order; and (2) to preclude the introduction of parol evidence to vary, interpret, supplement, or contradict the terms of this Consent Order.

16. Waiver, Amendments, and Modifications. No waiver, amendment, or modification of the Consent Order will be valid or binding unless it is in writing and signed by each of the parties. The waiver of any provision of this Consent Order will not be deemed a waiver of any other provision. No waiver by either party of any breach of, or compliance with, any condition or provision of this Agreement by the other party will be considered a waiver of any other condition or provision or of the same condition or provision at another time.

17. Full Integration. This Consent Order is the final written expression and the complete

-9-

and exclusive statement of all the agreements, conditions, promises, representations, and covenant between the parties with respect to the subject matter hereof, and supersedes all prior or contemporaneous agreements, negotiations, representations, understandings, and discussions between and among the parties, their respective representatives, and any other person or entity, with respect to the subject matter covered hereby.

18. Governing Law. This Consent Order will be governed by and construed in accordance with California law. Each of the parties hereto consents to the jurisdiction of the Superior Court of California for the County of San Diego, and hereby irrevocably waives, to the fullest extent permitted by law, the defense of an inconvenient forum to the maintenance of an action or proceeding in such court relating to this Consent Order.

19. Effect Upon Future Proceedings. If Respondents apply for any license, permit, qualification, or registration under the Commissioner's current or future jurisdiction, or are the subject of any future action by the Commissioner to enforce this Consent Order, then the subject matter hereof shall be admitted for the purpose of such application(s) or enforcement proceeding(s).

20. Voluntary Agreement. Respondents enter into this Consent Order voluntarily and without coercion, and acknowledge that no promises, threats, or assurances have been made by the Commissioner or any officer, or agent thereof, about this Consent Order. The Parties each represent and acknowledge that he, she, or it is executing this Consent Order completely voluntarily and without any duress or undue influence of any kind from any source.

21. Counterparts. This Consent Order may be executed in one or more separate counterparts, each of which when so executed, shall be deemed an original. Such counterparts shall together constitute a single document.

22. Notice. Any notice required under this Consent Order shall be provided to each party at the following addresses:

If to Respondents to:        Sarah Luna, President
                             17877 Von Karman Ave., Suite 100
                             Irvine, California 92614

If to the Commissioner, to:  Affi Eghbaldari, Senior Counsel
                             Department of Financial Protection and Innovation
                             1455 Frazee Road, Suite 315
                             San Diego, California 92108

-10-

CONSENT ORDER

Exhibit 3
Page 310

State of California - Department of Financial Protection and Innovation

23.    Signatures. A fax or electronic mail signature shall be deemed the same as an original signature.

24.    Public Record. Respondents hereby acknowledge that this Consent Order is and will be a matter of public record.

25.    Effective Date. This Consent Order shall become final and effective when signed by all parties and delivered by the Commissioner's agent via e-mail to Respondents' counsel at vincent.frantz@chengcohen.com.

26.    Authority to Sign. Each signatory hereto covenants that he/she possesses all necessary capacity and authority to sign and enter into this Consent Order and to undertake the obligations set forth herein.

IN WITNESS WHEREOF, the parties hereto have approved and executed the Consent Order on the dates set forth opposite their respective signatures.

Dated: November 4, 2024                    CLOTHILDE V. HEWLETT
                                           Commissioner of Financial Protection and Innovation



                                           By: _____
                                               MARY ANN SMITH
                                               Deputy Commissioner
                                               Enforcement Division


                                           RESPONDENTS


Dated: November 1, 2024          By: _____
                                     SARAH LUNA, as the President on behalf of Respondents


APPROVED AS TO FORM AND CONTENT


Dated: November 1, 2024          By: _____
                                     VINCENT M. FRANTZ, ESQ.
                                     Cheng Cohen LLC

-11-