GIBSON, DUNN & CRUTCHER LLP
MICHAEL D. CELIO, SBN 197998
  mcelio@gibsondunn.com
JEFFREY D. LOMBARD, SBN 285371
  jlombard@gibsondunn.com
310 University Ave
Palo Alto, CA 94301
Telephone:  650.849.5300
Facsimile:   650.849.5333

Attorneys for Defendants
Xponential Fitness, Inc., John Meloun, Mark
Grabowski, Chelsea Grayson, and Brenda
Morris

# IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| IN RE XPONENTIAL FITNESS SECURITIES LITIGATION | CASE NO. 8:24-cv-00285-JWH-KES |
| | CLASS ACTION |
| | Hon. John W. Holcomb<br>Courtroom 9D, Santa Ana |
| | **DEFENDANTS' OPPOSITION TO LEAD PLAINTIFFS' MOTION TO SUPPLEMENT THE CONSOLIDATED COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS** |
| | Date:      February 14, 2025<br>Time:      9:00 a.m. |
| | Action Filed:  February 9, 2024 |

Gibson, Dunn &
Crutcher LLP

## I.    INTRODUCTION

When faced with a meritorious motion to dismiss, plaintiffs have two options: either file an opposition brief explaining why the defendants' arguments are wrong *or* seek leave to amend the complaint and attempt to fix the deficiencies identified by defendants. Plaintiffs here are trying to do both at once. They have filed an opposition to Defendants' motion to dismiss *and, at the same time*, filed an amended complaint (what they call a "supplemented" complaint) that they admit responds to arguments in Defendants' pending motion. This is both improper and illogical. Improper because it prejudices Defendants by depriving them of the opportunity to move against—and fully challenge—the new allegations. And illogical because it asks the Court to rule on a motion to dismiss that is aimed at a complaint that very likely will not be the operative complaint. Plaintiffs' motion to supplement should thus be denied unless Defendants are allowed to file a motion to dismiss the proposed supplemented complaint. This is the only logical way to proceed, but (despite Defendants' offer to stipulate to such a procedure) Plaintiffs insist that they should instead be permitted to proceed on two tracks at once.

Plaintiffs' proffered justification is that while "[t]he supplement adds new and significant corroborating facts," it "does not change or add legal theories." Dkt. 82 ("Mot.") at 11. But the "new and significant" facts in the amendment are either material to the Court's decision or they are not. If the amendment could be material to the Court's decision, due process demands the motion to dismiss process begin anew to allow Defendants a full and fair opportunity to address the "new and significant" allegations. If, on the other hand, the amendment is immaterial, the motion to supplement should be denied as futile. As such, this Court should either (a) grant the motion to supplement *and* set a new briefing schedule for Defendants' motion to dismiss the supplemented complaint or (b) deny the motion to supplement at this time, ordering that Plaintiffs may amend their complaint only after the pending motion to dismiss is decided. Either

Gibson, Dunn &
Crutcher LLP

DEFENDANTS' OPPOSITION TO LEAD PLAINTIFFS' MOTION TO SUPPLEMENT
CASE NO. 8:24-cv-00285-JWH-KES

outcome is permissible here, but the Frankenstein's-monster procedure Plaintiffs suggest is not.

## II.    RELEVANT PROCEDURAL HISTORY

On July 26, 2024, Plaintiffs[1] filed a consolidated complaint against Xponential Fitness, Inc. and certain other parties alleging violations of the federal securities laws. Dkt. 39.  Certain Defendants[2] moved to dismiss the consolidated complaint on October 8, 2024, noticing it for hearing on February 14, 2025.  Dkt. 67.  The motion to dismiss argued, among other things, that all of the "facts" alleged in the consolidated complaint were attributed to sources that lack indicia of reliability—namely, an anonymous short seller report, news articles quoting anonymous franchisees, and allegations from separate, unadjudicated lawsuits filed by a handful of Xponential's franchisees.  *See id*. at 23–24.

During the pendency of the briefing, on November 4, 2024, the California Department of Financial Protection and Innovation (the "Department") published a consent order entered between the Department and Xponential (the "Consent Order") whereby the parties agreed to settle the Department's claims against Xponential for alleged violation of California franchise law for $450,000.  Dkt. 83-3.  The Consent Order sets forth certain "findings," but makes clear those "findings have not been adjudicated," and further states that Xponential "neither admit[s] nor den[ies] any of the findings."  *Id*. at 4, 6.

---

[1] "Plaintiffs" are the Fort Lauderdale Police & Firefighters' Retirement System and City of West Palm Beach Police Pension Fund.

[2] The moving "Defendants" are, along with Xponential, John Meloun, Mark Grabowski, Chelsea Grayson, and Brenda Morris.  Dkt. 67.  Other defendants in the action—BofA Securities, Inc.; Jefferies LLC; Morgan Stanley & Co. LLC; Guggenheim Securities, LLC; Piper Sandler & Co.; Robert W. Baird & Co. Incorporated; Raymond James & Associates, Inc.; Roth Capital Partners LLC; and R. Seelaus & Co., LLC (collectively, the "Underwriter Defendants") and Anthony Geisler—filed joinders to the moving Defendants' motion to dismiss on October 8 and 14, respectively.  Dkt. 68, 71.

Gibson, Dunn & Crutcher LLP

3

On December 2, 2024—nearly a month after the Consent Order and just four days before Plaintiffs' opposition to the motion to dismiss was due—Plaintiffs notified Defendants of their intent to file a motion to supplement the consolidated complaint to reflect the Consent Order. Decl. of Jeff Lombard in Supp. of Opp'n to Mot. ("Lombard Decl.") ¶ 2. As they promised, on December 6, 2024, Plaintiffs filed their opposition to the motion to dismiss, Dkt. 80, as well as their motion to supplement, Dkt 82. The motion to supplement attached the proposed supplemented complaint and noticed the hearing for the same day and time as Defendants' motion to dismiss. The proposed supplemented complaint contains numerous references to the Consent Order in paragraphs that purport to support Plaintiffs' allegations regarding falsity, scienter, and loss causation. *See* Dkt 83-1 ¶¶ 143A; 143B; 191A; 214A; 221A; 241A; 249A; 287A. Plaintiffs' opposition brief itself *also* references the Consent Order. Dkt. 80 at 13.

On December 19, 2024, Defendants met and conferred with Plaintiffs and proposed not to oppose the pending motion to supplement *if* Plaintiffs agreed to provide Defendants with an opportunity to file a renewed motion to dismiss addressing the new allegations in the supplemented complaint. Lombard Decl. ¶ 3. Defendants said they were willing to file a renewed motion to dismiss on an expedited briefing schedule whereby all briefing on the proposed supplemented complaint would have been complete by March 7, 2025. *Id.* On December 23, 2024, Plaintiffs informed Defendants they did not believe the proposed supplemented complaint warrants a full redo of the full motion to dismiss briefing since "Defendants will have an opportunity to address the [new allegations] in their reply brief." *Id.* ¶ 4.

On January 7, 2025, pursuant to the parties' joint stipulation, Dkt. 85, the Court (1) stayed Defendants' deadline to file their reply in support of the motion to dismiss the consolidated complaint and (2) vacated the February 14, 2025, hearing on the motion to dismiss, pending the outcome of Plaintiffs' motion to supplement the consolidated complaint. Dkt. 87.

*Gibson, Dunn & Crutcher LLP*

DEFENDANTS' OPPOSITION TO LEAD PLAINTIFFS' MOTION TO SUPPLEMENT
CASE NO. 8:24-cv-00285-JWH-KES

## III.    LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure ("Rule") 15(d), "the court *may*, *on just terms*, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d).[3]  The discretionary language of Rule 15(d) stands in direct contrast to Rule 15(a), which states the court "*should* freely give leave when justice so requires." *See* Fed. R. Civ. P. 15(a); *see also Clean Water Action v. Pruitt*, 315 F. Supp. 3d 72, 79–80 (D.D.C. 2018) (noting that 15(a) and 15(d) are "not the same" because 15(d) "permits a court to grant leave to supplement, but imposes no standard requiring a court to do so").  Rule 15(d) gives the Court "broad discretion" to shape the proceedings in a logical and reasonable manner.  Fed. R. Civ. P. 15, Notes of Advisory Committee on Rules; *see also Keith v. Volpe*, 858 F.2d 467, 473 (9th Cir. 1988).  And where a plaintiff seeks to file a supplemental pleading while a motion to dismiss is pending, a court has discretion to "either deny the pending motion to dismiss as moot or consider the merits of the motion." *San Diego Coastkeeper v. Pick-Your-Part Auto Wrecking*, 2023 WL 2801199, at *2 (S.D. Cal. Apr. 5, 2023) (internal quotation marks, alterations, and citations omitted); *see also* Fed. R. Civ. P. 15(d) (giving courts broad discretion in determining whether and how the opposing party may respond to the supplemental pleading).

When deciding whether to grant a motion to file a supplemental pleading, courts consider five factors set forth in *Foman v. Davis*, 371 U.S. 178, 182 (1962):  (1) undue delay; (2) bad faith or dilatory motive on the part of the movant; (3) repeated failure of previous amendments; (4) undue prejudice to the opposing party; and (5) futility of the amendment.  *Sols. for Utilities, Inc. v. California Pub. Utilities Comm'n*, 2022 WL 3575308, at *3 (C.D. Cal. July 20, 2022).  Of these factors, "it is the consideration of prejudice to the opposing party that carries the greatest weight." *Id*. (citing *Eminence Capital, L.L.C. v. Aspeon, Inc*., 361 F.3d 1048, 1052 (9th Cir. 2003)).

---

[3] Unless stated otherwise, all emphases are added.

Gibson, Dunn & Crutcher LLP

5

## IV.   ARGUMENT

Plaintiffs' attempt to supplement the consolidated complaint in the midst of motion to dismiss briefing should be denied *unless* Defendants are given the chance to file a motion to dismiss the supplemented complaint.  To proceed otherwise would prejudice Defendants because they would be deprived of a full and fair opportunity to challenge the new allegations brought against them, while Plaintiffs get the benefit of *both* their opposition brief *and* the proposed supplemented complaint.  The Court should not permit such unfairness.

### A.   Granting Plaintiffs' Motion to Supplement Necessitates a New Motion to Dismiss to Avoid Prejudice to Defendants

Plaintiffs candidly admit that they seek to supplement the allegations in the consolidated complaint to address the current complaint's deficiencies.  Mot. at 5 (stating the additional allegations are "relevant to . . . Defendants' pending Motion to Dismiss"—namely, to "undermine[] the reliability arguments" raised therein); *see also id*. at 11 ("The Consent Order corroborates the Complaint's allegations and refutes the reliability arguments Defendants raise in their Motion to Dismiss.").  Typically, Plaintiffs address such deficiencies by amending their complaint, either in lieu of opposing the motion to dismiss or after the motion to dismiss is granted.  Here, however, they seek to supplement their complaint in order to defeat the motion to dismiss.

Plaintiffs' attempt to supplement their complaint during the motion to dismiss moves the goalposts and should not be permitted.  Defendants' motion to dismiss is brought against a complaint that would no longer be operative.  This offends basic due process and is undoubtedly prejudicial to Defendants.  *See Gray v. Romero*, 2016 WL 7324702, *3 (E.D. Cal. Dec. 15, 2016) (denying plaintiff's motion to supplement as it would be prejudicial to defendants to allow plaintiff to file an amended complaint *and* an opposition to defendants' motion for judgment on the pleadings).

Plaintiffs argue that "[a]ny claimed prejudice is doubtful since the case is still in the pleading stage" and thus "the supplement will not reopen discovery or hinder

Gibson, Dunn & Crutcher LLP

6

Defendants' ability to prepare for trial, in any way." Mot. at 11 (internal quotation marks, citations, and alterations omitted). Plaintiffs' argument misunderstands the prejudice, which has nothing to do with discovery or trial; the prejudice is that the motion to dismiss would address a superseded complaint. This is easily cured by simply restarting the briefing. Indeed, all three of the cases upon which Plaintiffs rely to support their argument cuts against them; each denied as moot any pending motion to dismiss and/or motion for judgment on the pleadings in light of the amendment. *See Johnson v. Serenity Transp., Inc.*, 2015 WL 4913266, at *6 (N.D. Cal. Aug. 17, 2015) (granting leave to amend the complaint and denying as moot defendants' pending motion to dismiss); *Gulcynski v. Fid. Nat. Title Grp.*, 2007 WL 1231635, at *5 (S.D. Cal. Apr. 26, 2007) (same); *Organic Pastures Dairy Co., LLC v. Sebelius*, 2013 WL 1966464, at *7 (E.D. Cal. May 10, 2013) (granting leave to amend the complaint and denying as moot defendants' pending motion for judgment on the pleadings).

Here, however, Plaintiffs make clear that in seeking to supplement their complaint, they do not want to moot the pending motion to dismiss; rather, they want the benefit of the current briefing *and* the benefit of the proposed supplemented complaint, while claiming Defendants' ability to address the "new and significant" allegations (Mot. 11) in their reply brief is "sufficient." Lombard Decl. ¶ 4. But forcing Defendants to address Plaintiffs' 35-page opposition brief (Dkt. 80) *and* the Consent Order (including the implications of the Consent Order on Plaintiffs' case) in a 12-page reply brief is far from "sufficient." More importantly, Plaintiffs' preferred process turns the traditional motion to dismiss practice on its head, cheating Defendants of their right to move against the new allegations *and* to respond to Plaintiffs' arguments in opposition as to why the new allegations purportedly state a claim. Thus, the only way to avoid prejudice resulting from the supplement here is to allow Defendants to file a motion to dismiss the proposed supplemented complaint.

Gibson, Dunn & Crutcher LLP

7

## B. A Need for a Full Briefing Is Especially Important in the Context of Claims Brought Under the PSLRA

The ability to fully and fairly respond to the allegations here is paramount since this case concerns claims brought under the Private Securities Litigation Reform Act ("PSLRA"), which are subject to heightened pleading standards. *See* 15 USCA § 78u-4(b). The Ninth Circuit has noted that adherence to the liberality of granting leave to amend under Rule 15 is especially important in the context of PSLRA so that plaintiffs can "acid test" whether they have met this standard, which is difficult to satisfy. *Eminence*, 361 F.3d at 1052. The very purpose of the PSLRA's heightened pleading standards is "to eliminate abusive securities litigation[.]" *Falkowski v. Imation Corp.*, 309 F.3d 1123, 1133 (9th Cir. 2002), *amended*, 320 F.3d 905 (9th Cir. 2003). As such, it is equally as critical that defendants accused of securities fraud be able to zealously scrutinize and test the sufficiency of plaintiffs' allegations.

Here, Plaintiffs' proposed supplement concerns their Section 10(b) claim. More specifically, the new allegations aim to bolster Plaintiffs' allegations of falsity, scienter, and loss causation—all of which are required to state a Section 10(b) claim. *See Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 341–42 (2005). Defendants should be permitted to file a motion to dismiss in response to fully test whether Plaintiffs' allegations in the supplemented complaint, taken as a whole, sufficiently plead each of these required elements to pass muster under the PSLRA.

## V. CONCLUSION

For all the foregoing reasons, Defendants respectfully request that the Court either (1) deny Plaintiffs' motion to supplement the consolidated complaint; or (2) grant Plaintiffs' motion to supplement the consolidated complaint, denying Defendants' pending motion to dismiss as moot and ordering the parties to submit a proposed schedule for full briefing on the supplemented complaint.

Gibson, Dunn & Crutcher LLP

DEFENDANTS' OPPOSITION TO LEAD PLAINTIFFS' MOTION TO SUPPLEMENT
CASE NO. 8:24-cv-00285-JWH-KES

DATED:  January 17, 2025

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

By: */s/ Michael D. Celio*
Michael D. Celio

Attorneys for Defendants Xponential Fitness, Inc., John Meloun, Mark Grabowski, Chelsea Grayson, and Brenda Morris

## CERTIFICATE OF COMPLIANCE (L.R. 11-6.2)

The undersigned, counsel of record for Defendants Xponential Fitness, Inc., John Meloun, Mark Grabowski, Chelsea Grayson, and Brenda Morris certified that this brief contains 2,356 words, which complied with the word limit of L.R. 11-6.1.

DATED:  January 17, 2025

By: */s/ Michael D. Celio*
Michael D. Celio

Gibson, Dunn & Crutcher LLP

9