ROBBINS GELLER RUDMAN
  & DOWD LLP
DOUGLAS R. BRITTON (188769)
JEREMY W. DANIELS (351347)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
dougb@rgrdlaw.com
jdaniels@rgrdlaw.com

Lead Counsel for Lead Plaintiffs

[Additional counsel appear on signature page.]

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

| | |
|---|---|
| In re XPONENTIAL FITNESS SECURITIES LITIGATION | Case No. 8:24-cv-00285-JWH (KESx) |
| | CLASS ACTION |
| | LEAD PLAINTIFFS' REPLY IN FURTHER SUPPORT OF THEIR MOTION TO SUPPLEMENT THE CONSOLIDATED COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS |
| | DATE:    February 14, 2025<br>TIME:    9:00 a.m.<br>CTRM:    9D<br>JUDGE:   Hon. John W. Holcomb |

4909-8304-2835.v1

**TABLE OF CONTENTS**

**Page**

I.      INTRODUCTION ........................................................................................... 5

II.     ARGUMENT .................................................................................................. 7

        A.      Plaintiffs Have Filed a Motion to Supplement Under Rule
                15(d), Not a Motion to Amend Under Rule 15(a) ............................... 7

        B.      Plaintiffs Meet the Standards Required to Supplement the
                Consolidated Complaint ...................................................................... 9

        C.      Defendants Will Not Suffer Undue Prejudice Without an
                Opportunity to Rewrite Their MTD .................................................... 10

        D.      The PSLRA Does Not Support Defendants' Request for a
                Rewrite of Their MTD ........................................................................ 12

III.    CONCLUSION ............................................................................................. 13

4909-8304-2835.v1

## TABLE OF AUTHORITIES

**Page**

**CASES**

*Dura Pharms., Inc. v. Broudo*,
544 U.S. 336 (2005) ................................................................................................. 12

*Falkowski v. Imation Corp.*,
309 F.3d 1123 (9th Cir. 2002),
*amended*, 320 F.3d 905 (9th Cir. 2003) ................................................................. 12

*Gray v. Romero*,
2016 WL 7324702 (E.D. Cal. Dec. 15, 2016) ........................................................ 11

*Gulcynski v. Fid. Nat'l Title Grp.*,
2007 WL 1231635 (S.D. Cal. Apr. 26, 2007) ........................................................ 11

*Johnson v. Serenity Transp., Inc.*,
2015 WL 4913266 (N.D. Cal. Aug. 17, 2015) ....................................................... 11

*Lyon v. U.S. Immigr. & Customs Enf't*,
308 F.R.D. 203 (N.D. Cal. 2015) ........................................................................... 12

*Organic Pastures Dairy Co., LLC v. Sebelius*,
2013 WL 1966464 (E.D. Cal. May 10, 2013) ........................................................ 11

*Quiksilver, Inc. v. Kymsta Corp.*,
2007 WL 9712162 (C.D. Cal. Aug. 20, 2007) ......................................................... 9

*San Diego Coastkeeper v. Pick-Your-Part Auto Wrecking*,
2023 WL 2801199 (S.D. Cal. Apr. 5, 2023) ......................................................... 8, 9

*Scheller v. Nutanix, Inc.*,
2021 WL 3616771 (N.D. Cal. Aug. 16, 2021) ................................................ *passim*

*Singh v. Truong*,
2017 WL 10562545 (C.D. Cal. June 15, 2017) ....................................................... 9

*Spector v. NG & MG Invs. LLC*,
2024 WL 1886540 (E.D. Cal. Apr. 30, 2024) .................................................. 6, 8, 11

- 3 -

4909-8304-2835.v1

## TABLE OF AUTHORITIES

**Page**

*Yates v. Auto City 76,*
   299 F.R.D. 611 (N.D. Cal. 2013) ....................................................................... 10

**STATUTES, RULES, AND REGULATIONS**

15 U.S.C.
   §78u-4 ......................................................................................................... *passim*

Federal Rules of Civil Procedure
   Rule 9(b) .............................................................................................................. 9
   Rule 15(a) .................................................................................................... 5, 7, 11
   Rule 15(a)(1) ........................................................................................................ 7
   Rule 15(a)(2) ........................................................................................................ 7
   Rule 15(a)(3) ........................................................................................................ 8
   Rule 15(d) ..................................................................................................... *passim*

**SECONDARY AUTHORITIES**

6A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane,
   *Federal Practice and Procedure* (3d ed. 2024)
   §1504 .................................................................................................................. 6

- 4 -

4909-8304-2835.v1

## I.  INTRODUCTION

Defendants[1] do not dispute that Lead Plaintiffs Fort Lauderdale Police & Firefighters' Retirement System and City of West Palm Beach Police Pension Fund (collectively, "Plaintiffs") meet the requirements for supplementing the Consolidated Complaint for Violations of the Federal Securities Laws (ECF 39) (the "Consolidated Complaint") under Federal Rule of Civil Procedure 15(d).  Instead, Defendants oppose Plaintiffs' Motion[2] only to ask the Court to order the parties to engage in the wasteful and time consuming task of rebriefing their entire Motion to Dismiss (ECF 67) (the "MTD").  Defendants base this request on their view that Plaintiffs had one of two choices in response to their MTD – file an opposition brief or "seek leave to amend the complaint" under Rule 15(a).  Opp at 2.[3]  Defendants are fundamentally mistaken.  Under Rule 15(d), the Court may permit a supplemented pleading to include an "event that happened after the date of the pleading to be supplemented."  Fed. R. Civ. P. 15(d).  If Defendants' claim was valid, Rule 15(d) would be meaningless.

Defendants cannot dispute that the Consent Order issued by the California Department of Financial Protection and Innovation (the "State of California") that forms the basis of Plaintiffs' Motion and that corroborates the sources relied upon by Plaintiffs in the Consolidated Complaint occurred after the date that Plaintiffs filed that complaint.  Defendants even acknowledge that the State of California

---

[1]  "Defendants" refers to Xponential Fitness, Inc. ("Xponential"), John Meloun, Mark Grabowski, Brenda Morris, Chelsea Grayson, Anthony Geisler, BofA Securities, Inc., Jefferies LLC, Morgan Stanley & Co. LLC, Guggenheim Securities, LLC, Piper Sandler & Co., Robert W. Baird & Co. Incorporated, Raymond James & Associates, Inc., Roth Capital Partners, LLC, and R. Seelaus & Co., LLC.

[2]  "Motion" refers to Plaintiffs' Motion to Supplement the Consolidated Complaint for Violations of the Federal Securities Laws (ECFs 81-82).

[3]  "Opp." refers to Defendants' Opposition to Lead Plaintiffs' Motion to Supplement the Consolidated Complaint for Violations of the Federal Securities Laws (ECF 88).

4909-8304-2835.v1

issued the Consent Order "[d]uring the pendency of the briefing" for the MTD. Opp. at 3. They nevertheless made "reliability" the foundation of their MTD, arguing throughout that the Court should disregard the Consolidated Complaint's allegations because its sources are unreliable and the investigation by Plaintiffs' counsel was inadequate even though the State of California's findings in the Consent Order confirm the reliability of Plaintiffs' sources and the adequacy of the investigation. The Consent Order is a remarkable development that the Court should be able to consider when ruling on Defendants' MTD. Presently, however, the Court is unable to consider the Consent Order because it did not exist when Plaintiffs filed the Consolidated Complaint and thus was not alleged. Under these circumstances, Rule 15(d) provides a remedy. The Court can grant Plaintiffs' Motion in order to consider the Consent Order when ruling on Defendants' MTD and provide Defendants with the extra pages they need to address the Consent Order in their MTD reply brief, which they have not yet filed.

Defendants base their entire opposition on claimed prejudice. They argue that "the only way to avoid prejudice resulting from the supplement here is to allow Defendants" to rewrite their MTD because "the prejudice is that the motion to dismiss would address a superseded complaint." Opp. at 7. But this argument is based on another mistaken view of the Federal Rules. The rules are clear. "Amended pleadings . . . 'entirely replace the earlier pleading,' while supplemental pleadings . . . 'represent additions to or continuations of the earlier pleadings,'" *Spector v. NG & MG Invs. LLC*, 2024 WL 1886540, at *1 (E.D. Cal. Apr. 30, 2024) (quoting 6A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* §1504 (3d ed. 2024)). By rule, the Supplemented Consolidated Complaint for Violations of the Federal Securities Laws (ECF 83-1) (the "Supplemented Complaint") does not supersede the Consolidated Complaint. *Id.* Defendants' mistaken claims of prejudice clearly do not support their requested relief.

- 6 -

4909-8304-2835.v1

Defendants also do not explain how this purported prejudice reaches the level of the "undue prejudice" required to deny a motion to supplement. Nowhere in their opposition do Defendants explain why a complete rewrite of their MTD is necessary or why they cannot adequately address the Consent Order in their reply brief. Nor could they. The Supplemented Complaint contains one single substantive paragraph (¶143A) and references that paragraph in six additional paragraphs (¶¶191A, 214A, 221A, 241A, 249A, and 287A) to "further corroborate[]" the Consolidated Complaint's allegations. But for these inserts, every other allegation remains the same. The general policy goals that Defendants cite from the Private Securities Litigation Reform Act of 1995 (the "PSLRA") do not add to the analysis. The PSLRA simply does not have a mechanism to provide a defendant with an opportunity to rewrite their MTD when the facts cut against them, as they have with the Consent Order here.

Defendants have not supported their claims of undue prejudice and have not otherwise disputed that Plaintiffs meet the requirements to supplement the Consolidated Complaint. Plaintiffs' Motion should be granted without putting the parties to the time, expense, and delay that redoing Defendants' entire MTD will require.

## II. ARGUMENT

### A. Plaintiffs Have Filed a Motion to Supplement Under Rule 15(d), Not a Motion to Amend Under Rule 15(a)

Defendants treat Plaintiffs' Motion to supplement as a motion to amend. Opp. at 2, 6-8. While courts apply the same standards to both, they are distinct and serve separate purposes. *Scheller v. Nutanix, Inc.*, 2021 WL 3616771, at *2 n.1 (N.D. Cal. Aug. 16, 2021) ("The cases [the defendant] relies upon are distinguishable because they concern motions for leave to amend, not supplement, the complaint."). For amendments before trial, like here, amendments are available "as a matter of course" or "with the opposing party's written consent or the court's leave." Fed. R. Civ. P.

- 7 -

15(a)(1)-(2).  And for each amendment "as a matter of course," the Federal Rules contemplate a "required response" to an amended pleading.  Fed. R. Civ. P. 15(a)(3).

Supplemental pleadings are different.  The Court may permit a supplemental pleading, on just terms, to "set[] out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."  Fed. R. Civ. P. 15(d).  But the rule does not contemplate a separate "required response."  *Id.*  Unlike amended pleadings that "'entirely replace [an] earlier pleading,'" supplemental pleadings "'represent additions to or continuations of the earlier pleadings.'"  *Spector*, 2024 WL 1886540, at *1;[4] *see also Scheller*, 2021 WL 3616771, at *3 ("the Proposed Supplement does not replace the earlier pleading and the SAC remains the operative complaint").

Here, Defendants disregard that the Federal Rules permit a party to supplement their complaint.  Opp. at 2, 6-8.  In fact, Defendants cite case law and advance arguments as though Plaintiffs are seeking to amend the Consolidated Complaint.  *Id.*  They are not.  The Supplemented Complaint is not an amendment.  It is a supplement to an earlier pleading that will permit the Court to consider the Consent Order that the State of California issued over three months after Plaintiffs filed the Consolidated Complaint.  The Consent Order is clearly an "event that happened after the date of the pleading to be supplemented."  Fed. R. Civ. P. 15(d); *Spector*, 2024 WL 1886540, at *1 ("[a]mended pleadings 'relate to matters that occurred prior to the filing of the original pleading' . . . while supplemental pleadings 'deal with events subsequent to the pleading to be altered'").[5]

---

[4]    Unless otherwise noted, citations are omitted and emphasis is added.

[5]    Defendants' reliance on *San Diego Coastkeeper v. Pick-Your-Part Auto Wrecking*, 2023 WL 2801199, at *2 (S.D. Cal. Apr. 5, 2023), is misplaced.  Opp. at 5.  They cite it for the proposition that "where a plaintiff seeks to file a supplemental pleading while a motion to dismiss is pending, a court has discretion to 'either deny the pending motion to dismiss as moot or consider the merits of the motion.'"  *Id.*  But the court's quote actually applied to "a plaintiff seek[ing] to amend its complaint

- 8 -

4909-8304-2835.v1

As discussed in Plaintiffs' Motion and below, Plaintiffs meet all of the requirements to supplement the Consolidated Complaint. The Court should grant Plaintiffs' Motion to consider the Consent Order when ruling on Defendants' MTD. *Quiksilver, Inc. v. Kymsta Corp.*, 2007 WL 9712162, at *1 (C.D. Cal. Aug. 20, 2007) (the purpose of Rule 15(d) "is to promote as complete an adjudication of the dispute between the parties as is possible").[6]

### B. Plaintiffs Meet the Standards Required to Supplement the Consolidated Complaint

As explained in Plaintiffs' Motion, "courts generally consider five factors [to assess whether leave to supplement is appropriate]: '(1) undue delay, (2) bad faith or dilatory motive on the part of the movant, (3) repeated failure of previous amendments, (4) undue prejudice to the opposing party, and (5) futility of the amendment.'" Motion at 9 (quoting *Scheller*, 2021 WL 3616771, at *1).

Defendants do not credibly dispute that Plaintiffs satisfy each factor. Supplementation is timely where, as here, the triggering event was "'not in existence when the original complaint was filed.'" *Singh v. Truong*, 2017 WL 10562545, at *2 (C.D. Cal. June 15, 2017). There is no bad faith or dilatory motive behind the supplement as the need arose from post-complaint events and is necessitated by the heightened pleading requirements under Federal Rule of Civil Procedure 9(b) and the PSLRA. Plaintiffs have neither amended nor supplemented the Consolidated Complaint prior to this instance and there is no undue prejudice to Defendants in

---

while a motion to dismiss is pending." *San Diego Coastkeeper*, 2023 WL 2801199, at *1. Plaintiffs here are not amending the Consolidated Complaint.

[6] Defendants repeatedly suggest that Plaintiffs are offering the supplement "to address the current complaint's deficiencies." *See, e.g.*, Opp. at 6. Far from it. Plaintiffs have offered the supplement so that the Court can assess Defendants' reliability arguments with all of the available information. Defendants also emphasize that "Xponential 'neither admit[s] nor den[ies] any of the findings'" in the Consent Order but at the same time acknowledge that the State of California made "'findings'" in that order. Those "findings" directly corroborate the numerous sources cited for the same facts in the Consolidated Complaint. Motion at 5, 12-16.

- 9 -

part because relevant deadlines do not need to be continued as a result of the supplemental pleading. *Yates v. Auto City 76*, 299 F.R.D. 611, 614 (N.D. Cal. 2013) ("But usually, a court evaluates prejudice in terms of, *e.g.*, whether discovery cut-offs have passed, how close trial is, and so forth."). Further, the supplement is not futile because it provides corroborating facts that support valid claims of Defendants' violations of the federal securities laws.

Defendants have not opposed four of the five factors and, as discussed below, base their challenge to the "prejudice" factor on a mistaken view of the Federal Rules. The Court should grant Plaintiffs' Motion.

### C. Defendants Will Not Suffer Undue Prejudice Without an Opportunity to Rewrite Their MTD

Defendants dispute only one of the factors courts consider when assessing a motion to supplement, prejudice. Opp. at 6-7. They articulate two grounds: (1) "the prejudice is that the motion to dismiss would address a superseded complaint"; and (2) "forcing Defendants to address Plaintiffs' 35-page opposition brief (Dkt. 80) *and* the Consent Order (including the implications of the Consent Order on Plaintiffs' case) in a 12-page reply brief is far from 'sufficient.'" *Id.* at 7 (emphasis in original). Neither supports the relief Defendants seek.

Defendants' first purported prejudice is fundamentally mistaken. The Supplemented Complaint does not "supersede" the Consolidated Complaint as Defendants contend. It "supplements" it. *Scheller*, 2021 WL 3616771, at *2 ("the [plaintiff] did not need to attach a copy of the entire proposed complaint because its motion is to supplement the SAC, not amend the SAC"). Defendants' assertion that "Defendants' motion to dismiss is brought against a complaint that would no longer be operative" is simply incorrect. Opp. at 6. The Consolidated Complaint remains

- 10 -

4909-8304-2835.v1

the operative complaint. *Spector*, 2024 WL 1886540, at *1 ("supplemental pleadings . . . 'represent additions to or continuations of the earlier pleading'").[7]

Even if the Consolidated Complaint did not remain the operative complaint, Defendants have not shown that any such prejudice would be "undue." The Supplemented Complaint is substantively identical to the earlier Consolidated Complaint with the exception of the supplemented paragraphs, only one of which is substantive. The substantive allegations, parties, claims, and even paragraph numbers remain the same. There is simply no justification for requiring the parties to redo Defendants' MTD or Plaintiffs' opposition to address a single substantive paragraph. And since Defendants will have an opportunity to address the Consent Order in their reply brief, any claim of prejudice cannot be "undue." The assertion that Defendants will be "cheat[ed] . . . of their right to move against the new allegations ***and*** to respond to Plaintiffs' arguments in opposition as to why the new allegations purportedly state a claim" (Opp. at 7 (emphasis in original)) simply confuses the distinction between an amendment and a supplement. *Scheller*, 2021 WL 3616771, at *2.[8]

---

[7]    Defendants' reliance on *Gray v. Romero*, 2016 WL 7324702, at *3 (E.D. Cal. Dec. 15, 2016), to support their claim of prejudice is misplaced. Opp. at 6. There, the court denied a pro se plaintiff's request to file a fifth amended complaint on prejudice grounds where it involved a motion to amend, did not set out an event that happened after the date of the pleading to be supplemented, and would moot a motion to dismiss and a motion for judgment on the pleadings. *Gray*, 2016 WL 7324702, at *3. Plaintiffs here, by contrast, are not moving to amend the Consolidated Complaint and the Supplemented Complaint will not moot Defendants' MTD. *Spector*, 2024 WL 1886540, at *1.

[8]    Defendants state that "all three of the cases upon which Plaintiffs rely to support their argument cuts against them; each denied as moot any pending motion to dismiss and/or motion for judgment on the pleadings in light of the amendment." Opp. at 7 (distinguishing *Johnson v. Serenity Transp., Inc.*, 2015 WL 4913266, at *6 (N.D. Cal. Aug. 17, 2015); *Gulcynski v. Fid. Nat'l Title Grp.*, 2007 WL 1231635, at *5 (S.D. Cal. Apr. 26, 2007); *Organic Pastures Dairy Co., LLC v. Sebelius*, 2013 WL 1966464, at *7 (E.D. Cal. May 10, 2013)). But those cases involved motions to amend the complaints, not to supplement the complaints. Plaintiffs cited those cases because "'[t]he legal standard for granting or denying a motion to supplement under Rule 15(d) is the same as for amending one under Rule 15(a).'" *Scheller*, 2021 WL 3616771, at *1.

- 11 -

4909-8304-2835.v1

The second purported prejudice – "forcing Defendants to address Plaintiffs' 35-page opposition brief (Dkt. 80) **and** the Consent Order . . . in a 12-page reply brief'" (Opp. at 7 (emphasis in original)) is easily remedied.  As Plaintiffs informed Defendants during the meet and confer process, they will not object to a page extension for Defendants to adequately respond to both in their reply brief.  "[A]llow[ing] Defendants to file a motion to dismiss the proposed supplemented complaint" is thus not "the only way to avoid prejudice resulting from the supplement." *Id.*  Defendants' proposed remedy is a wasteful exercise at odds with the purpose of Rule 15(d), which is to promote judicial efficiency by saving the Court and the parties time and expense.  *See Lyon v. U.S. Immigr. & Customs Enf't*, 308 F.R.D. 203, 215 (N.D. Cal. 2015).

### D.     The PSLRA Does Not Support Defendants' Request for a Rewrite of Their MTD

Defendants cite the PSLRA, arguing that they "should be permitted to file a motion to dismiss in response to fully test whether Plaintiffs' allegations in the supplemented complaint, taken as a whole, sufficiently plead each of these required elements to pass muster under the PSLRA."  Opp. at 8.  But Defendants have already had a complete opportunity to challenge the Consolidated Complaint's allegations in their MTD.  As previously discussed, the Supplemented Complaint does not change the claims, the parties, or the time period in the Consolidated Complaint.  And with the exception of quoting the Consent Order, the Supplemented Complaint adds no new allegations.  With the exception of seven paragraphs, only one of which is substantive, the Supplemented Complaint is the exact same as the Consolidated Complaint.  Defendants do not cite a single provision in the PSLRA that gives them a second chance to litigate the same claims, especially to respond to a single substantive paragraph.  *Id.*[9]

---

[9]   Defendants cite general PSLRA principles from *Falkowski v. Imation Corp.*, 309 F.3d 1123, 1133 (9th Cir. 2002), *amended*, 320 F.3d 905 (9th Cir. 2003), and *Dura*

- 12 -

Defendants already took full advantage of the PSLRA and made numerous arguments in their MTD. And they chose to focus their MTD on the reliability of Plaintiffs' sources and the adequacy of counsel's investigation even though, as they now acknowledge, Xponential entered into the Consent Order with the State of California "[d]uring the pendency of the briefing" for the MTD. Opp. at 3. Indeed, Defendants argued that the Court should disregard Plaintiffs' allegations because of unreliable sources or an inadequate investigation numerous times (MTD at 8-9, 15-17, 22-24, 26-27) even though the State of California's "findings" in the Consent Order confirm the reliability of Plaintiffs' sources and the adequacy of the investigation. Motion at 5, 11-12. The PSLRA does not give Defendants a chance to rewrite their MTD now that the facts have cut against them.

## III.    CONCLUSION

Defendants do not oppose Plaintiffs' Motion, so it should be granted. But their proposed remedy of rebriefing their MTD is wasteful and runs contrary to one of the core policies underlying Rule 15(d), which is to promote judicial economy and preserve time and expense. Since any purported prejudice can be remedied with a page extension to permit Defendants to address the Consent Order in their reply brief, which they have not yet filed, the Court should deny Defendants' request to have the parties rebrief their MTD.

DATED:  January 31, 2025             Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
DOUGLAS R. BRITTON
JEREMY W. DANIELS


                                            s/ Douglas R. Britton
                                    DOUGLAS R. BRITTON

---

*Pharms., Inc. v. Broudo*, 544 U.S. 336, 341-42 (2005). Opp. at 8. Neither case supports Defendants' attempt to use a motion to supplement as an opportunity to rewrite their MTD.

- 13 -

4909-8304-2835.v1

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
dougb@rgrdlaw.com
idaniels@rgrdlaw.com

Lead Counsel for Lead Plaintiffs

KLAUSNER, KAUFMAN, JENSEN
  & LEVINSON
ROBERT D. KLAUSNER
BONNI S. JENSEN
7080 NW 4th Street
Plantation, FL  33317
Telephone:  954/916-1202
954/916-1232 (fax)
bob@robertdklausner.com
bonni@robertdklausner.com

Additional Counsel

- 14 -

4909-8304-2835.v1

## LOCAL RULE 11-6.2 CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Plaintiffs, certifies that this brief contains 3,008 words, which complies with the word limit of L.R. 11-6.1, and does not exceed 12 pages, exclusive of caption, table of contents, table of authorities, and signature block, which complies with §11(b) of Your Honor's Standing Order.

DATED:  January 31, 2025

                                                   s/ Douglas R. Britton
                                                   DOUGLAS R. BRITTON

4909-8304-2835.v1