# EXHIBIT C

Exhibit C
Page 105

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

FEDERAL TRADE COMMISSION,

Plaintiff,

v.

XPONENTIAL FITNESS, INC.,
a corporation;

XPONENTIAL FITNESS LLC,
a limited liability company;

XPOF ASSETCO, LLC,
a limited liability company;

AKT FRANCHISE, LLC,
a limited liability company;

AKT FRANCHISE SPV, LLC,
a limited liability company;

CYCLEBAR FRANCHISING, LLC,
a limited liability company;

CYCLEBAR FRANCHISING SPV, LLC,
a limited liability company;

Case No. 8:26-CV-00610-JVS(DFMx)

**STIPULATED ORDER FOR PERMANENT INJUNCTION, MONETARY JUDGMENT, AND OTHER RELIEF [3]**

1

STIPULATED ORDER FOR PERMANENT INJUNCTION, MONETARY JUDGMENT, AND OTHER RELIEF

Exhibit C
Page 106

PB FRANCHISING, LLC,
a limited liability company;

PB FRANCHISING SPV, LLC,
a limited liability company;

YOGA SIX FRANCHISE, LLC,
a limited liability company; and

YOGA SIX FRANCHISE SPV, LLC,
a limited liability company,

                              Defendants.

Plaintiff, the Federal Trade Commission ("Commission" or "FTC"), filed its Complaint for Permanent Injunction, Monetary Relief, and Other Relief ("Complaint"), for a permanent injunction, monetary relief, and other relief in this matter, pursuant to Sections 13(b) and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b) & 57b.  The Commission and Defendants stipulate to the entry of this Stipulated Order for Permanent Injunction, Monetary Judgment, and Other Relief ("Order") to resolve all matters in dispute in this action between them.

THEREFORE, IT IS ORDERED as follows:

## FINDINGS

1.     This Court has jurisdiction over this matter.

2.     The Complaint charges that Defendants participated in unfair or deceptive acts or practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45, and of the FTC's Trade Regulation Rule entitled "Disclosure Requirements and Prohibitions Concerning Franchising," as amended (the "Franchise Rule"), 16 C.F.R. Part 436, in the sale and marketing of franchises.

2

Exhibit C
Page 107

3.     Defendants neither admit nor deny any of the allegations in the Complaint, except as specifically stated in this Order.  Only for purposes of this action, Defendants admit the facts necessary to establish jurisdiction.

4.     Defendants waive any claim that they may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agree to bear their own costs and attorney fees.

5.     Defendants and the Commission waive all rights to appeal or otherwise challenge or contest the validity of this Order.

## DEFINITIONS

For the purpose of this Order, the following definitions apply:

A.     "**Defendants**" means all of the Defendants, individually, collectively, or in any combination, including: Xponential Fitness, Inc., Xponential Fitness LLC, XPOF Assetco, LLC, AKT Franchise, LLC, AKT Franchise SPV, LLC, Cyclebar Franchising, LLC, Cyclebar Franchising SPV, LLC, PB Franchising, LLC, PB Franchising SPV, LLC, Yoga Six Franchise, LLC, and Yoga Six Franchise SPV, LLC, and their successors and assigns.

B.     "**Franchise Rule**" means the FTC Trade Regulation Rule codified at 16 C.F.R. Part 436, attached hereto as Attachment A.

C.     "**Action,**" as defined in 16 C.F.R. § 436.1(a), includes complaints, cross claims, counterclaims, and third-party complaints in a judicial action or proceeding, and their equivalents in an administrative action or arbitration.

D.     "**Held Liable**," as defined in 16 C.F.R. § 436.5(c)(1)(iii)(B), means that, as a result of claims or counterclaims, the person must pay money or other consideration, must reduce an indebtedness by an amount of an award, cannot enforce its rights, or must take action adverse to its interests.

3

STIPULATED ORDER FOR PERMANENT INJUNCTION, MONETARY JUDGMENT, AND OTHER RELIEF

Exhibit C
Page 108

# ORDER

## I.    PROHIBITION AGAINST MISREPRESENTATIONS

IT IS ORDERED that Defendants and Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with promoting or offering for sale any franchise or any good or service to a franchisee or prospective franchisee, are permanently restrained and enjoined from misrepresenting or assisting others in misrepresenting, expressly or by implication, any material fact, including:

A.    The name and position of the franchisor's directors, trustees, general partners, principal officers, and any other individuals who will have management responsibility relating to the sale or operation of the franchises, as well as their principal positions and employers during the past five years, along with the starting date, ending date, and location for each position;

B.    Whether the franchisor, a predecessor, a parent or affiliate who induces franchise sales by promising to back the franchisor financially or otherwise guarantees the franchisor's performance, or the franchisor's directors, trustees, general partners, principal officers, and any other individuals who will have management responsibility relating to the sale or operation of the franchise:

1.    has pending against that person: (a) an administrative, criminal or material civil Action alleging a violation of a franchise, antitrust, or securities law, or alleging fraud, unfair or deceptive practices, or comparable allegations; (b) civil Actions, other than ordinary routine litigation incidental to the business, which are material in the context of the number of franchisees and the size, nature, or financial condition of the franchise system or its business operation;

2.    was a party to any material civil Action involving the franchise relationship in the last fiscal year; and

4

STIPULATED ORDER FOR PERMANENT INJUNCTION, MONETARY JUDGMENT, AND OTHER RELIEF

Exhibit C
Page 109

3.      has, in the 10-year period immediately before the disclosure document's issuance date, been Held Liable in a civil Action involving an alleged violation of a franchise, antitrust, or securities law, or involving allegations of fraud, unfair or deceptive practices, or comparable allegations, or been convicted of or pleaded nolo contendere to a felony charge.

C.      Whether any officer or person with management responsibility relating to the sale or operation of the franchise has, during the preceding 10-year period, (1) filed a petition as a debtor under the United State Bankruptcy Code, or (2) obtained a discharge of debts under the Bankruptcy Code;

D.      The typical length of time between the earlier of the signing of the franchise agreement or the first payment of consideration for the franchise and the opening of the franchisee's business;

E.      The number or identity of current franchisees or of franchisees who had an outlet terminated, cancelled, not renewed or otherwise voluntarily or involuntarily ceased to do business under the franchise agreement during the most recently completed fiscal year;

F.      The contact information for current franchisees or for franchisees who had an outlet terminated, cancelled, not renewed or otherwise voluntarily or involuntarily ceased to do business under the franchise agreement during the most recently completed fiscal year; or

G.      Any other fact material to franchisees or prospective franchisees.

## II.    COMPLIANCE WITH THE FRANCHISE RULE

IT IS FURTHER ORDERED that Defendants and Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with promoting or offering for sale any franchise, are permanently restrained and enjoined from violating, or assisting

5

STIPULATED ORDER FOR PERMANENT INJUNCTION, MONETARY JUDGMENT, AND OTHER RELIEF

Exhibit C
Page 110

others in violating, any provision of the Franchise Rule, including, but not limited to, failing to provide each prospective franchisee with a complete and accurate disclosure document as prescribed by the Franchise Rule.

### III.   MONETARY JUDGMENT

IT IS FURTHER ORDERED that:

A.   Judgment in the amount of Seventeen Million Dollars ($17,000,000) is entered in favor of the Commission against Defendants, jointly and severally, as monetary relief.

B.   Defendants are ordered to pay to the Commission Seventeen Million Dollars ($17,000,000) as monetary relief, as follows:

1. Defendants are ordered to pay to the Commission Five Million Dollars ($5,000,000) within 7 days of entry of this Order by electronic fund transfer in accordance with instructions previously provided by a representative of the Commission.

2. Defendants are ordered to pay to the Commission an additional Four Million Dollars ($4,000,000) within 4 months of entry of this Order by electronic fund transfer in accordance with instructions previously provided by a representative of the Commission.

3. Defendants are ordered to pay to the Commission an additional Four Million Dollars ($4,000,000) within 8 months of entry of this Order by electronic fund transfer in accordance with instructions previously provided by a representative of the Commission.

4. Defendants are ordered to pay to the Commission an additional Four Million Dollars ($4,000,000) within 12 months of entry of this Order by electronic fund transfer in accordance with instructions previously provided by a representative of the Commission.

5. If Defendants fail to make any required payment when due under

6

STIPULATED ORDER FOR PERMANENT INJUNCTION, MONETARY JUDGMENT, AND OTHER RELIEF

Exhibit C
Page 111

Subsections III.B.1-4, the judgment becomes immediately due as to Defendants in the amount specified in Subsection A above (which the parties stipulate only for purposes of this Section represents the consumer injury alleged in the Complaint), less any payment previously made pursuant to this Section, plus interest computed from the date of entry of this Order. Time is of the essence for the payments specified in Subsections III.B.1-4.

## IV. ADDITIONAL MONETARY PROVISIONS

IT IS FURTHER ORDERED that:

A. Defendants relinquish dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

B. The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the Commission, including in a proceeding to enforce its rights to any payment or monetary judgment pursuant to this Order, such as a nondischargeability complaint in any bankruptcy case.

C. The facts alleged in the Complaint establish all elements necessary to sustain an action by the Commission pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this Order will have collateral estoppel effect for such purposes.

D. Each Defendant acknowledges that Defendant's Employer Identification Number, Social Security Number, or other Taxpayer Identification Number ("TIN"), including all TINs that Defendants previously provided, may be used by the Commission for reporting and other lawful purposes, including collecting on any delinquent amount arising out of this Order in accordance with 31 U.S.C. § 7701.

E. All money received by the Commission pursuant to this Order may be

7

STIPULATED ORDER FOR PERMANENT INJUNCTION, MONETARY JUDGMENT, AND OTHER RELIEF

Exhibit C
Page 112

deposited into a fund administered by the Commission or its designee to be used for consumer relief, such as redress and any attendant expenses for the administration of any redress fund. If a representative of the Commission decides that direct redress to consumers is wholly or partially impracticable or money remains after such redress is completed, the Commission may apply any remaining money for such related relief (including consumer information remedies) as it determines to be reasonably related to Defendants' practices alleged in the Complaint. Defendants have no right to challenge any actions the Commission or its representatives may take pursuant to this Subsection.

## V. FRANCHISEE INFORMATION

IT IS FURTHER ORDERED that Defendants, Defendants' officers, agents, employees, attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, are permanently restrained and enjoined from, directly or indirectly, failing to provide sufficient franchisee information to enable the Commission to efficiently administer redress. If a representative of the Commission requests in writing any information related to redress, Defendants must provide it, in the form prescribed by the Commission, within 30 days.

## VI. ORDER ACKNOWLEDGMENTS

IT IS FURTHER ORDERED that Defendants obtain acknowledgments of receipt of this Order:

A. Each Defendant, within 7 days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B. For 5 years after entry of this Order, each Defendant, must deliver a copy of this Order to: (1) all principals, officers, directors, and LLC managers and members; (2) all employees having managerial responsibilities for conduct related to the subject matter of the Order and all agents and representatives who participate

8

STIPULATED ORDER FOR PERMANENT INJUNCTION, MONETARY JUDGMENT, AND OTHER RELIEF

Exhibit C
Page 113

in conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting.  Delivery must occur within 7 days of entry of this Order for current personnel.  For all others, delivery must occur before they assume their responsibilities.

C.    From each individual or entity to which a Defendant delivered a copy of this Order, that Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## VII.   COMPLIANCE REPORTING

IT IS FURTHER ORDERED that Defendants make timely submissions to the Commission:

A.    One year after entry of this Order, each Defendant must submit a compliance report, sworn under penalty of perjury.  Each Defendant must:

1.    identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Commission may use to communicate with Defendant;

2.    identify all of that Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses;

3.    describe the activities of each business, including the goods and services offered, the means of advertising, marketing, and sales, and the involvement of any other Defendant;

4.    describe in detail whether and how that Defendant is in compliance with each Section of this Order; and

5.    provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission.

9

STIPULATED ORDER FOR PERMANENT INJUNCTION, MONETARY JUDGMENT, AND OTHER RELIEF

Exhibit C
Page 114

B.	For 10 years after entry of this Order, each Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

1.	any designated point of contact; or

2.	the structure of any Defendant or any entity that Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

C.	Each Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against such Defendant within 14 days of its filing.

D.	Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on: _____" and supplying the date, signatory's full name, title (if applicable), and signature.

E.	Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580.  The subject line must begin: *FTC v. Xponential Fitness, Inc., et al.*

## VIII.  RECORDKEEPING

IT IS FURTHER ORDERED that Defendants must create certain records for 10 years after entry of the Order, and retain each such record for 5 years.

STIPULATED ORDER FOR PERMANENT INJUNCTION, MONETARY JUDGMENT, AND OTHER RELIEF

Exhibit C
Page 115

Specifically, each Defendant, in connection with the sale and operation of franchises, must create and retain the following records:

A. Accounting records showing the revenues from all goods or services, including franchises, sold;

B. Personnel records showing, for each person providing services, whether as an employee or otherwise, that person's: name; addresses; telephone numbers; job title or position; dates of service; and (if applicable) the reason for termination;

C. Records of all franchisee complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response;

D. All records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission;

E. A copy of each unique advertisement or other marketing material used in connection with the sale of franchises, whether directly or indirectly, such as through a third party; and

F. Each Franchise Disclosure Document.

### IX. COMPLIANCE MONITORING

IT IS FURTHER ORDERED that, for the purpose of monitoring Defendants' compliance with this Order, including any failure to transfer any assets as required by this Order:

A. Within 14 days of receipt of a written request from a representative of the Commission, each Defendant must: submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying. The Commission is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including depositions by remote means), 31, 33, 34, 36, 45, and 69.

11

STIPULATED ORDER FOR PERMANENT INJUNCTION, MONETARY JUDGMENT, AND OTHER RELIEF

Exhibit C
Page 116

B.      For matters concerning this Order, the Commission is authorized to communicate directly with each Defendant.  Defendants must permit representatives of the Commission to interview any employee or other person affiliated with any Defendant who has agreed to such an interview.  The person interviewed may have counsel present.

C.      The Commission may use all other lawful means, including posing, through its representatives, as consumers, suppliers, or other individuals or entities, to Defendants or any individual or entity affiliated with Defendants, without the necessity of identification or prior notice.  Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

## X. RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**SO ORDERED this 30th day of March 2026.**

_____
UNITED STATES DISTRICT JUDGE

12

STIPULATED ORDER FOR PERMANENT INJUNCTION, MONETARY JUDGMENT, AND OTHER RELIEF

Exhibit C
Page 117